

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

10 JAN 28 PM 1:47

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE PORK GROUP, Inc., an Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HASTINGS PORK, a general partnership; and its general partners, HASTINGS PORK, INC., a Nebraska Corporation; FHT, INC., a Nebraska Corporation; and HASTINGS HOLDINGS CORPORATION, a Colorado Corporation;<br><br>Defendants. | CASE NO. 8:10cv39<br><br>COMPLAINT<br><br>(FILED RESTRICTED STATUS) |

Plaintiff herein, The Pork Group, Inc., states and alleges as follows for its Complaint against the Defendants herein:

## THE PARTIES AND JURISDICTION

1.  Plaintiff The Pork Group, Inc. ("The Pork Group") is a Delaware corporation with its principal place of business in Springdale, Arkansas. Among other things, The Pork Group's business includes the raising and supply of wean pigs, which are generally understood to be pigs ranging from approximately 14 to 28 days old.

2.  Defendant Hastings Pork is a general partnership, and will be referred to hereinafter as "Hastings Pork GP". Hastings Pork GP maintains its principal place of business at Industrial Park East, Box 67, Hastings, Nebraska 68901. Hastings Pork GP

is engaged in swine production and has, in the past, purchased wean pigs from The Pork Group.

3.  On information and belief, Defendant Hastings Pork Inc. ("Hastings Pork") is a Nebraska corporation which is a general partner in Hastings Pork GP. The president of Hastings Pork is Hayden Thompson, and its registered agent is Caesar J. Larson, Rural Route 2, P.O. Box 67, Hastings, Nebraska 68901.

4.  On information and belief, Defendant FHT, Inc. ("FHT"), is a Nebraska corporation which is a general partner in Hastings Pork GP. The president of FHT is Hayden Thompson and its registered agent is Caesar J. Larson, Rural Route 2, P.O. Box 67, Hastings, Nebraska 68901.

5.  Defendant Hastings Holdings Corporation ("Hastings Holdings") is a Colorado corporation whose directors include Hayden Thompson and Ceasar J. Larson. On information and belief, Hastings Holdings is a general partner in Hastings Pork GP. The registered agent of Hastings Holdings is Larry Luttrel, 222 Milwaukee St., Suite 209, Denver, Colorado 80206.

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.  Venue is appropriate pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

8.  On or about January 24, 2005, Hastings Pork GP and the Pork Group executed a Wean Pig Purchase Agreement ("Purchase Agreement"), wherein Hastings Pork GP agreed to purchase one lot of wean pigs (approximately 2885 wean pigs plus

2

or minus 10%) from The Pork Group each week for a period of three years. A true and correct copy of the Purchase Agreement is attached to this Complaint as Exhibit 1.

9. Pursuant to the Purchase Agreement, the weekly purchases were to commence the week of January 1, 2006 and end the week of December 31, 2009, and Hastings Pork GP was obligated to pay for delivered lots by ACH transfer.

10. On or about February 28, 2006, Hastings Pork GP and The Pork Group agreed to amend the Purchase Agreement to, among other things, extend the term of delivery from December 31, 2009 to March 31, 2010. A true and correct copy of the Amendment to the Purchase Agreement ("Amendment") is attached to this Complaint as Exhibit 2.

11. As had occurred in previous months, in March 2009-May 2009, The Pork Group shipped, and Hastings Pork GP accepted, lots of wean pigs on or about the following dates: March 12; March 19; March 20, March 24; March 27; April 1; April 3; April 7; April 10; April 14; April 20; April 22; April 24; April 28; May 5; May 8; May 13.

12. Despite continuing to accept wean pig deliveries from The Pork Group, Hastings Pork GP fell behind on payment of The Pork Group's invoices for the previously-identified shipments.

13. Due to nonpayment by Hastings Pork GP and the risk that future deliveries would also not be paid for, on May 15, 2009, The Pork Group ceased making deliveries of wean pigs to Hastings Pork GP and re-route additional shipments of wean pigs for holding at various nursery facilities at additional cost.

14. Despite demand by The Pork Group, Hastings Pork GP did not pay amounts due for wean pig shipments.

15.     On September 30, 2009, The Pork Group and Hastings Pork GP entered into a Confidential Settlement Agreement (the "Settlement"), a true and correct copy of which is attached herein as Exhibit 3.

16.     In the Settlement, Hastings Pork GP agreed, among other things, that it would pay $736,178.61 to The Pork Group in two separate payments of $368,089.31. The first payment was scheduled to be made no later than three business days after the execution of the Settlement, and the second payment was due 45 days after the first payment.  See Ex. 3 at ¶ 2(a)(i)-(ii).

17.     Upon payment of the amount(s) described above, the Settlement provides for a release of Hastings Pork GP and termination of the Purchase Agreement and Amendment thereto.  See Ex. 3 at ¶¶ 4, 6.

18.     The Settlement further provides that non-payment of the amounts described in the Settlement constitute a breach of the Settlement, and upon such breach, Hastings Pork GP is obligated to confess judgment for any outstanding balances remaining unpaid under the Settlement, along with the amount of The Pork Group's reasonable attorney's fees and costs associated with seeking enforcement of the terms of the Settlement.  See Ex. 3 at ¶ 3.

19.     On or about October 5, 2009, Hastings Pork GP made the first payment of $368,089.31 required by the Settlement.

20.     Hastings Pork GP has not made the second payment required by the Settlement, despite demand by the Pork Group for the same and the issuance of a default notice by The Pork Group.

## COUNT I: BREACH OF SETTLEMENT AGREEMENT

21.     The Pork Group incorporates the preceding paragraphs as if fully restated here.

22.     The Settlement is an enforceable contract.

23.     Hastings Pork GP, and each of its general partners, have breached the Settlement by, among other things, failing to make the second payment provided for in the Settlement when due, failing to provide information on profitability, failing to confess judgment, and failing to pay for the costs incurred by The Pork Group in seeking to enforce the Settlement.

24.     As a direct and proximate result of breach, The Pork Group has suffered damages in an amount to be proven at trial, but in no event less than $368,089.31 plus interest, costs, and attorney's fees.

WHEREFORE, The Pork Group respectfully requests judgment against Defendants, jointly and severally, for the following:

(a)     Damages to be proven at trial, but not less than the principal sum of $368,089.31 plus applicable interest accruing at the rate of 12.75 % per annum, accruing from the date of default,

(b)     The costs of this action;

(c)     The Pork Group's attorney's fees for enforcement of the Settlement and all other expenses as allowed by law;

(d)     All such other relief as the Court deems just and equitable.

## COUNT II:  BREACH OF PURCHASE AGREEMENT

25. The Pork Group incorporates the preceding paragraphs as if fully restated here.

26. In the alternative, The Purchase Agreement and Amendment constitute a valid and enforceable contract which remains in full force and effect.

27. Hastings Pork GP and its general partners have breached the Purchase Agreement and Amendment thereto by, among other things, failing to pay for wean pig shipments when due.

28. As a direct and proximate result of the breach, The Pork Group has suffered damages in an amount to be proven at trial, including $736,178.61 in unpaid invoices; for the additional cost of caring for wean pigs that were committed to Hastings Pork GP but not delivered due to Hastings Pork GP's breach; and for the resale of wean pigs to third parties on terms less favorable to The Pork Group than would have occurred if Hastings Pork GP had met its contractual obligations.

WHEREFORE, The Pork Group respectfully requests judgment against Defendants, jointly and severally, for the following:

(a) Damages in principal sum of $736,178.61 for unpaid invoices plus applicable pre-judgment and post-judgment interest as allowed by law;

(b) Damages in an amount to be proven at trial for the additional cost of caring for wean pigs not delivered due to Defendants' breach plus applicable pre-judgment and post-judgment interest as allowed by law;

(c) Damages in an amount to be proven at trial accruing from the resale of wean pigs to third parties on terms less favorable to The Pork Group than provided for

6

in the parties' contract plus applicable pre-judgment and post-judgment interest as allowed by law:

 (d) The costs of this action;

 (e) The Pork Group's attorney's fees and all other expenses as allowed by law;

 (f) All such other relief as the Court deems just and equitable.

## COUNT III: ACTION ON ACCOUNT

 29. The Pork Group incorporates the preceding Paragraphs as if fully set forth here.

 30. In the alternative, The Pork Group delivered valuable wean pigs on account to Hastings Pork GP, for which Hastings Pork GP promised to pay.

 31. The Pork Group invoiced Hastings Pork GP the usual, customary, and reasonable charges for the wean pigs, of which some invoices remain unpaid and are in default.

 32. The amount in default currently due and owing on the account is $736,178.61, for which Hastings Pork GP and each of the general partners of Hastings Pork GP are liable.

WHEREFORE, The Pork Group respectfully requests judgment on the open account against Defendants, jointly and severally, for the following:

 (a) Damages in principal sum of $736,178.61 for the balance due on Hastings Pork GP's unpaid account plus applicable pre-judgment and post-judgment interest as allowed by law;

 (b) The costs of this action;

(c)     The Pork Group's attorney's fees and all other expenses as allowed by law;

(d)     All such other relief as the Court deems just and equitable.

Dated this 28th day of January, 2010.

        THE PORK GROUP, INC., Plaintiff,

By:  s/ John A. Sharp
      T. Randall Wright (NE# 16398)
      John A. Sharp (NE# 23111)
of   BAIRD HOLM LLP
      1500 Woodmen Tower
      Omaha, NE  68102-2068
      Phone: 402-344-0500

DOCS/927485.3