IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE PORK GROUP, Inc., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| HASTINGS PORK, a general partnership, and its general partners, HASTINGS PORK, INC., a Nebraska Corporation; FHT, INC., a Nebraska Corporation; and HASTINGS HOLDINGS CORPORATION, a Colorado Corporation, | ) ) ) ) ) ) ) ) ) | 8:10CV39

ORDER |
| Defendants. | ) | |

    This is an action for breach of a confidential settlement agreement. The complaint was originally filed under seal, at the request of the plaintiff, so as to comply with certain terms of the agreement regarding confidentiality. The plaintiff has also requested permission to file subsequent pleadings restricted from public disclosure.

    There is a presumption in favor of access to "public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, as a general rule, documents filed with a court in connection with a pending case are public records, and proceedings conducted in a case are open to the public; however, the court may seal or restrict access to court records if there is a compelling reason for doing so. *Corvello v. New England Gas Co., Inc.*, 2008 WL 5245331 (D.R.I., Dec. 16, 2008).

    It is well established that a settlement agreement is a type of contract and that a party alleging a breach of a settlement agreement may seek redress by bringing a civil action; or, where an action is pending, by moving to enforce the alleged agreement. *See, e.g., Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999) ("A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges" or, if the "case already has been dismissed, the aggrieved party may bring an independent action for breach of contract"). There is no more reason for sealing the terms of the settlement agreement on which the action is based than there would be for

>sealing the terms of any other agreement that is the subject of a breach of contract action. Put another way, once the alleged settlement agreement becomes the subject of an adversary proceeding, it moves from the realm of a confidential understanding between the parties and into the public arena where all other litigation is conducted. *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636-37 (7th Cir. 2002) ("A settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential.")

*Corvello*, 2008 WL 5245331 at *7. *See also Bartelloni v. DeCastro*, 2007 WL 2155646 (S.D. Fla., July 26, 2007); *Brooks v. General Cas. Co. of Wisconsin*, 2008 WL 1902003 at *1 (E.D. Wis., Apr. 25, 2008) ("[T]he default rule is full disclosure, and only in unusual cases may matters submitted in federal courts be shielded from public view.")

Here, the only reason offered for restricting public access to the documents and proceedings in this case is that confidentiality is a material term of the settlement agreement in question. This reason is not an unusual, extraordinary or compelling circumstance which would justify keeping the agreement confidential in the context of this lawsuit.

**IT IS ORDERED:**

1. Plaintiff's Motion (Filing 3) is denied.

2. The Clerk shall modify the records of the court so as to allow public access to all documents and proceedings in this case.

**DATED February 1, 2010.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**